O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior court, Northwest
District, Van Nuys, Case No. LC 094606

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHKOLNIK, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC., a California corporation; CR TITLE SERVICES, INC., a California corporation; VERICREST FINANCIAL INC., a California corporation; LSF7 BERMUDA NPLI TRUST,<br><br>　　　　　Defendants. | Case No. CV 11-07828 DDP (SSx)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Docket No. 11] |

　　The court finds itself confronted with an unusual scenario. Plaintiff filed a "Request to Remand" as to two of the Defendants in this case, based on the removing Defendants' failure to properly join those two Defendants in the Petition for Removal. The two non-joining Defendants ask the court to remand the entire case, because they "did not and do not consent to the removal." The removing Defendants state that they "consent to the remand of this action if the court so orders," but note that the remand request is

untimely under 28 U.S.C. § 1447(c). As set forth below, the court concludes that: 1) Defendants' removal was improper; 2) the statutory remand deadline is appropriately tolled here; and therefore 3) the entire matter should be remanded to state court.

**I.  BACKGROUND**

On August 18, 2011, Plaintiff Steven Shkolnik filed suit in Los Angeles County Superior Court against Defendants Citimortgage, Inc., CR Title Services, Inc., Vericrest Financial, Inc., and LSF7 Bermuda NPLI Trust, alleging state and federal violations related to Defendants' foreclosure on his property. (Compl. at 1-2.) On September 21, 2011, Defendants Citimortgage, Inc. and CR Title Services, Inc. (collectively "Removing Defendants") filed a Petition for Removal, based on federal question jurisdiction. (Pet. for Removal at 2.) Removing Defendants, however, made no mention of Defendants Vericrest Financial, Inc. or LSF7 Bermuda NPLI Trust (collectively, "Non-Consenting Defendants") in the Petition.

Accordingly, on October 31, 2011, Plaintiff Steven Shkolnik filed a Request to Remand ("Request"), but only as to the Non-Consenting Defendants. Plaintiff asked the court to remand pursuant to 28 U.S.C. § 1447(c) ("Section 1447(c)"), because the Non-Consenting Defendants had failed to join in the Petition for Removal.[1] (Req. at 3-4.) The court ordered that Plaintiff's Request be considered an Ex Parte Application, and that any

---

[1] At the same time, Plaintiff also filed a First Amended Complaint ("FAC"), in pro se. The FAC does not name Non-Consenting Defendants, presumably because Plaintiff expected the court to remand as to those Defendants. The FAC also adds Defendant Lisa Markham, who has joined Removing Defendants in their papers. Neither of these changes impact the court's analysis.

2

opposition be filed by November 16, 2011.  On that date, the Non-Consenting Defendants filed a Response to Plaintiff's Request ("Response"), agreeing that the matter was improperly removed without their consent, and therefore asking the court to remand the entire matter.  (Resp. at 3.)  The Removing Defendants also responded on November 16, 2011, with a Limited Opposition to Plaintiff's Motion to Remand ("Opposition").  The Removing Defendants concede the removal defect and consent to remand of the entire matter "if the court so orders."  They note, however, that Plaintiff filed his Request to Remand outside of the 30-day deadline imposed by Section 1447(c).  (Opp'n at 2, 4.)

Defendants also describe relevant out-of-court actions by the parties.  In particular, Removing Defendants claim that they failed to include Non-Consenting Defendants in the Petition for Removal because they "were unaware that [Non-Consenting] Defendants had been served with the state court complaint."  (Opp'n at 2.)  As a result, Non-Consenting Defendants did not learn of the Petition for Removal until September 28, 2011, when they contacted the state court to schedule a hearing date.  (Resp. at 2.)  Non-Consenting Defendants then contacted Removing Defendants, explaining that they would not consent to removal.  Accordingly, Removing Defendants prepared an Application and Stipulation to Remand Action to State Court ("Stipulation"), which they sent to Non-Consenting Defendants on October 20, 2011.  (Resp. at 2, Exs. 1-2; Opp'n at 2.)  On November 7, 2011, Non-Consenting Defendants signed and returned the Stipulation to Removing Defendants, who then sent it Plaintiff for his signature.  Plaintiff responded on November 9, 2011, explaining that he would not sign the Stipulation, because he had already

"filed a motion to remand" the Non-Consenting Defendants, and preferred "to move forward against [Removing Defendants] in Federal court." (Resp. at 2-3, Exs. 3-4; Opp'n at 2.)

## II. DISCUSSION

Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is governed by substantive and procedural requirements, and remand may be ordered for lack of jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). Generally, there is a strong presumption in favor of remand. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996). However, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Here, there is no dispute that removal was defective, because all defendants did not consent to removal. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009); Aquon-Schulte v. Guam Election Comm'n, 469 F.3d 1236, 1240 (9th Cir. 2006). However, because this is a non-jurisdictional "'defect' in a removal procedure" under Section 1447(c), it is subject to the statute's 30-day motion-filing deadline. Aquon-Schulte, 469 F.3d at 1240. Relevant here, Plaintiff filed his Request to Remand forty days after the Petition for Removal, and Non-Consenting Defendants filed their Response also asking for remand sixteen days later.

Nonetheless, the "thirty-day deadline is not absolute." Olson v. Lui, Civ. Nos. 11-00396 & 11-00614, 2011 WL 5330445, at *6 (D.

4

Haw. Nov. 4, 2011). Rather, "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." United States v. Locke, 471 U.S. 84, 94 n.10 (1985); see also Roe v. O'Donohue, 38 F.3d 298, 302 (7th Cir. 1994) ("We may assume that the 30-day period [under Section 1447(c)] is subject to equitable tolling and estoppel . . . ."), abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Engel v. 34 E. Putnam Ave. Corp., 552 F. Supp. 2d 291, 294 (D. Conn. 2008) (concluding that Section 1447(c)'s "30-day time limit is not jurisdictional," and therefore is subject to waiver). Accordingly, numerous district courts have in fact tolled Section 1447(c)'s thirty-day deadline. See, e.g., Olson, 2011 WL 5330445, at *8; Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 371 (S.D.N.Y. 2006); Caggiano v. Pfizer, Inc., 384 F. Supp. 2d 689, 691-92 (S.D.N.Y. 2005) ; Byfield v. Niaz, No. 00 Civ. 6572, 2001 WL 25705, at *2 (S.D.N.Y. Jan. 10, 2001); Doyle v. Staples, No. 99-CV-6062, 2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000).

Here, in the interest of the Non-Consenting Defendants, the court finds the 30-day deadline equitably tolled from the filing of the Petition for Removal, at least through to the date Plaintiff declined to sign the Stipulation to Remand. As discussed, Removing Defendants admit that they failed to notify Non-Consenting Defendants of the Petition for Removal. When Non-Consenting Defendants learned of the Petition, one week later, they informed Removing Defendants that they did not consent to removal. Because Removing Defendants then agreed to prepare the Stipulation to Remand, and because Plaintiff had made the initial choice to bring suit in state court, Non-Consenting Defendants reasonably assumed

5

that all parties would sign the Stipulation and that the matter would be remanded without need for a motion. Non-Consenting Defendants then waited for and signed the Stipulation to Remand within reasonable time periods, approximately three weeks and two weeks, respectively. It was not until two days after, when Plaintiff declined to sign the Stipulation, that Non-Consenting Defendants might have first learned of the need to file a motion to remand, at which point equitable tolling would stop. Because Plaintiff had already filed his Request to Remand by this time, and because Non-Consenting Defendants filed their Response also asking for remand within one week of Plaintiff's refusal to stipulate, the cumulative "motion" now before the court was filed well within Section 1447(c)'s 30-day time limit.

Finally, the court must deny Plaintiff's request to remand only the Non-Consenting Defendants. As the Seventh Circuit has explained:

> Cases are removed, or not, as units; either all defendants agree to removal or none does. Hanrick v. Hanrick, 153 U.S. 192 (1894); Torrence v. Shedd, 144 U.S. 527 (1892). After removal, the case either stays in federal court or returns to state court as a unit (subject to the district court's option under 28 U.S.C. § 1441(c) to remand 'a separate and independent [nonremovable] claim').

In re Mut. Fund Market-Timing Litig., 468 F.3d 439, 444 (7th Cir. 2006).[2]

**III. CONCLUSION**

---

[2] In his Request, Plaintiff also asks the court to award him "costs and actual expenses, including attorney's fees, for having to file this motion." (Req. at 5.) The court declines to do so. The court has found equitable tolling of Section 1447(c)'s filing deadline on behalf of Non-Consenting Defendants. Plaintiff, to the contrary, had no basis for filing his Request to Remand more than thirty days after removal. Under the circumstances, the court finds it inappropriate to award any costs or fees.

1  For the foregoing reasons, the Court GRANTS the motion and
2  remands the entire matter to state court.  In addition, the
3  Scheduling Conference set for December 12, 2011 and docket numbers
4  15 and 19 are VACATED.

6  IT IS SO ORDERED.

9  Dated: December 1, 2011

DEAN D. PREGERSON
United States District Judge